No. 9303.

### HUNTER ET UX. *v.* RICE.

PROMISSORY NOTE.—*Mortgage.—Interest.— Usury.—Payment.—Recoupment.—Extension of Time.—Pleading.—Departure.*—Complaint to foreclose a mortgage given in 1856 to secure four notes, one of which was for $2,000; and averring that on settlement a balance was found due on that note of $866.25, for which a note now due was given, a copy of which and of the mortgage was filed with the complaint. Answer, that certain payments had been made at certain times upon the notes described in the mortgage, which payments were stated particularly, that the original notes were for purchase-money of the land mortgaged, and that the note in suit ($866.25) was for the balance of the purchase-money due at its date, and included, as usurious interest paid on the mortgage indebtedness, the sum of $641.26, which it was sought to recoup. Reply, that for extension of time for payment of said original notes after their maturity, the defendant agreed to pay interest at 10 per cent. per annum; that the payments specified in the answer were made under that agreement, and were first applied to the interest due on the several notes at the date of such payments, at the rate so agreed on, whereby there was at the date of the note in suit the sum named in it.

*Held,* that the reply was not a departure, and was good on demurrer.

From the Ripley Circuit Court.

*G. Durbin, E. P. Ferris, W. W. Spencer* and *J. S. Ferris,* for appellants.

*W. D. Willson* and *C. H. Willson,* for appellee.

MORRIS, C.—The appellee filed his complaint against the appellants, alleging that, on the 15th day of January, 1856, they executed to him a mortgage on certain real estate in

Ripley county, a copy of which is attached to the complaint, to secure the payment of a debt therein described; that, on the 15th day of April, 1878, there was found due, upon settlement between the parties, to the plaintiff the sum of $866.-25 on the note for $2,000 described in said mortgage; that the plaintiff surrendered to said defendants said note for $2,-000, and the said George W. Hunter then executed to the plaintiff his note for said sum of $866.25, a copy of which note is also filed with the complaint. It is also alleged that there was, through the mutual mistake of the parties, a mistake in the description of the mortgaged premises. The prayer is that the plaintiff may have judgment for $1,200, the amount alleged to be due thereon; that the alleged mistake in said mortgage may be corrected and the same foreclosed as. reformed.

The appellants answered the complaint in four paragraphs, all of which, except the fourth, were subsequently withdrawn. The fourth paragraph states, that, on the 15th day of January, 1866, the appellants executed to the plaintiff said mortgage; that, after the execution of said note and mortgage, George W. Hunter made the following payments thereon, to wit: On account of the indebtedness evidenced by said $2,-000 note he paid, on the 17th day of January, 1867, $815; on April 2d, 1867, $821.95; on January 15th, 1868, $46.70; on January 15th, 1869, $59.37; on the 15th day of January, 1870, $59.37; on the 15th day of January, 1871, $59.37; on the 15th day of January, 1872, $59.37; on the 15th day of January, 1873, $59.37; on the 15th day of January, 1874, $59.37; on the 15th day of January, 1875, $59.37; on the 15th day of January, 1876, $59.37; on the 15th day of January, 1877, $59.37; leaving due upon said note in April, 1878, the date of the note sued upon, the sum of $285.81; that, upon the indebtedness evidenced by the note due at one year, and calling for $666.66, as described in said mortgage, he paid, on the 15th day of January, 1867, $66.66; on the 2d day of April, 1867, he paid the sum of $678.05; that, on the

amount of the indebtedness evidenced by said note for $666.-66, due at two years from date, he made the following payments: January 15th, 1868, $133.33; January 15th, 1869, $66.66; January 15th, 1870, $66.66; January 15th, 1871, $66.66; January 15th, 1872, $66.66; January 15th, 1873, $66.66; January 15th, 1874, $66.66; January 15th, 1875, $66.66; January 15th, 1876, $66.66; January 15th, 1877, $66.66; same date, $128.66.

That, on account of the indebtedness evidenced by said note for $666.66, due at three years from the date thereof, the defendant made the following payments to the plaintiff: On the 15th day of January, 1869, $200; on the 15th day of January, 1870, $66.66; on the 15th day of January, 1871, $66.-66; on the 15th day of January, 1872, $66.66; on the 15th day of January, 1873, $66.66; on the 15th day of January, 1874, $66.66; on the 15th day of January, 1875, $66.66; on the 25th day of January, 1875, $300; on the 25th day of January, 1876, $213.

There were four notes secured by the mortgage, which, in the aggregate, amounted to $4,000. It is averred in the answer that these notes were given for purchase-money due on the land described in the mortgage, and that the note in suit was given for the balance of the purchase-money due at its date; that, of the amount represented by the note sued on, there is included, as usurious interest, paid by George W. Hunter to the plaintiff on account of said mortgage indebtedness, the sum of $641.26, and the defendants offer to recoup the same from the amount of the note in suit.

The appellee replied to this paragraph by a general denial. He also replied specially, that at the maturity of each of the notes described in said mortgage it was agreed by the parties that, in consideration that the appellee would indulge said George W. Hunter in the payment of the same, he would pay the appellee interest on said several notes at the rate of ten per cent. per annum after the date of their maturity; that, pursuant to said agreement, the appellee did indulge and give

time to said George W. Hunter on said notes until the date of the note in suit; that the payments set out in said counter-claim were made in pursuance of said agreement, and that so much of said payments as was necessary to pay the interest then due on said notes was to be and was applied to the payment of the interest due on said notes at the rates specified therein from their date until due, and at the rate of ten per cent. per annum after maturity, and that the balance only was to be applied on the principal of said notes; that, at the date of the note in suit, the appellee and appellants had a settlement, and interest was computed on the notes set out in said mortgage at the rate specified therein until each matured, and at the rate of ten per cent. thereafter; that all payments made on said indebtedness were applied to the interest due at the date of such payments, and there was found due the appellee on said indebtedness the sum of $866.25, for which said note sued on was voluntarily given.

The appellants demurred to the special reply. The demurrer was overruled. The cause was submitted to the court for trial. The court found for the appellee and rendered judgment in his favor. The overruling of the demurrer to the special paragraph of the appellee's reply is the only error assigned.

The appellants, in their brief, after stating in a general way the substance of the answer and the reply, say: "It will be remembered that the complaint states that the note sued on was given for the balance of the $2,000 note mentioned in the mortgage. In the reply the appellee undertakes to show that the note in suit was given in settlement of all the notes described in the mortgage. That averment will not do. It is a departure from the facts pleaded in the complaint, and an admission that the complaint is not true."

The answer itself alleges that all the notes mentioned in the mortgage were given for the purchase-money of the land mortgaged, and that "the note in suit was given for the balance of purchase-money remaining unpaid at the date thereof."

The portion of the reply objected to is but an admission of what is alleged in the answer. It admits that the note in suit was given for the balance due, at its date, on the notes given for the purchase-money of the land mortgaged, and this the answer affirms. This admission in the reply does not consti-tute such a departure as should preclude the appellee from recovering upon the note in suit.

The allegation in the complaint, that the note sued on was given for the balance due on the note for $2,000 mentioned in the complaint, was material only for the purpose of show-ing that the note in suit was given for the balance of the debt secured by the mortgage. If given for that debt, it was al-together immaterial whether it was given for the balance due on the note for $2,000, or for the balance due on all the notes secured by the mortgage. The reply affirmed that the note sued on was given for the balance of the debt secured by the mortgage. It therefore supported the allegation in the com-plaint so far as it was material, and only varied from it in so far as it was immaterial. The purpose of the averment in the complaint was to show that the note in controversy was given for a portion of the original debt secured by the mortgage, and that the mortgage, therefore, stands as security for it. The reply also shows this, and therefore supports the complaint. It only varies from the complaint by stating that the note was given for the balance due on all the original notes mentioned in the mortgage, and not for the balance due on one of them as mentioned in the complaint. The vari-ance, as before remarked, is immaterial.

The appellant further insists that the answer avers that the note sued on contains $641.26 of usurious interest, paid by Hunter to the appellee on account of the indebtedness se-cured by the mortgage; that the reply does not deny this averment, and is therefore bad. The answer sets out specifi-cally all the payments made on the several notes described in the mortgage. If there was any usurious interest included in the note in suit, which had been paid by Hunter to the ap--

pellee on account of the mortgage debt, as stated in the answer, it must have been a part of the payments specified in the answer. The statement that the note in controversy contained usurious interest must be regarded as a mere conclusion drawn from the facts alleged in the answer, and not as an independent averment. The reply, without directly denying this conclusion, shows that the sums paid had been applied in discharge of interest, as agreed upon by the parties, at the rate of ten per cent. on the principal of said notes, and that the balance due on all of the original notes, on the 15th of April, 1878, amounted to $866.25, and that the note in suit was given for the sum thus due.

Counting interest on the note for $2,000 at ten per cent. per annum until April 15th, 1878, and on the other notes, from date until they respectively became due, at six per cent., and at ten per cent. from maturity until the new note was made, it will be found that the balance due the appellee, after crediting all the payments alleged to have been made on account of the mortgage indebtedness, was about the amount of the new note. Under the acts of 1865 and 1867, which were in force during these transactions, no part of the interest paid was usurious, nor could any part of it be recovered back by counter-claim or otherwise. We think the court did not err in overruling the demurrer to the reply.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the appellants' costs.